**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0956-18T2

GILASFIE MEHMEDI,

    Plaintiff-Appellant,

v.

STRENGTHEN OUR SISTERS,

    Defendant-Respondent.

_____

Submitted October 7, 2019 – Decided January 28, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3797-16.

Law Offices of James Vasquez, PC, attorneys for appellant (James Vasquez and Paul F. O'Reilly, on the brief).

Marshall Dennehey Warner Coleman & Goggin, attorneys for respondent (Walter F. Kawalec, III and Carolyn Kelly Bogart, on the brief).

PER CURIAM

Plaintiff Gilasfie Mehmedi appeals from the Law Division's May 11, 2018 order granting defendant Strengthen Our Sisters summary judgment and dismissing her complaint for damages that arose from injuries she sustained when she slipped on a mixture of snow and ice and fell on defendant's property. At the time she fell, plaintiff was a resident at defendant's shelter and had been volunteering in its charitable endeavors. Judge Frank Covello entered the order after finding defendant immune from liability under the Charitable Immunity Act (CIA), N.J.S.A. 2A:53A-7 to -11. On appeal, plaintiff argues that summary judgment was not warranted because there was an issue of material fact as to whether she was a beneficiary or a volunteer at the time of her fall.

We affirm because we conclude that Judge Covello correctly determined that defendant was entitled to charitable immunity. Although plaintiff did at times do volunteer work for defendant, it was ancillary to plaintiff's status as a beneficiary, and at the time of the fall, it was undisputed that plaintiff was not acting as a volunteer.

We derive the following facts from the evidence submitted by the parties in support of, and in opposition to, the summary judgment motion, "viewed in the light most favorable to" plaintiff as the party who opposed entry of summary judgment. Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 135 (2017).

Defendant operates a shelter for battered women, their dependent children, and the homeless. According to defendant, it provides its residents "[f]ood, shelter, clothing, legal, and supportive services." As a charitable organization, defendant was granted federal tax exemption under 501(c)(3).

In 2014, plaintiff, who was unemployed and received public assistance, and her only child became residents of defendant's shelter and beneficiaries of its charitable goals. Although plaintiff was not required to perform any services for defendant in exchange for living at the shelter, she volunteered to do so as she did not have a job or other responsibilities to attend to during the day. She assisted defendant by performing administrative tasks at defendant's clerical office, and by volunteering at defendant's thrift store. Plaintiff received nothing in return for her volunteer work.

After a snowstorm in January 2015, defendant did not have anyone clear the snow and ice from its parking lot. Plaintiff made inquiries and complaints about the snow not being cleared, but two days after the storm, on a Sunday, the parking lot was still unplowed.

On that Sunday, plaintiff and her son had plans to go to her parent's house for lunch. While the parking lot was still not shoveled, plaintiff saw that the

A-0956-18T2

streets were clear. As plaintiff attempted to walk to her car, she slipped and fell in a mixture of ice and snow.

After falling, plaintiff briefly lost consciousness, and when she awoke, she could not move for a while because she was numb. After the feeling came back to her, she crawled over to her son. However, instead of going to the hospital immediately, plaintiff went to her parents' house to have lunch with her mother. When she returned that night, plaintiff reported her accident to defendant. Plaintiff did not go to the hospital until after she dropped her son off at school on the following Tuesday.

According to plaintiff, the accident caused her to suffer pain from her injuries, which required surgery. Although she stopped volunteering after the accident because she "couldn't move [and] couldn't walk," she continued to live at defendant's shelter until approximately August or September 2015.

Plaintiff filed an initial complaint in 2016 that she amended in 2018. After defendant filed responding pleadings and the parties' completed discovery, defendant filed its motion for summary judgment on April 6, 2018, arguing that it was immune from liability under the CIA, as plaintiff was a beneficiary of defendant's charitable purposes. Plaintiff opposed the motion and claimed she was a volunteer, rather than a beneficiary.

4

After considering the parties oral arguments on May 11, 2018, Judge Covello granted the motion and placed his reasons on the record in an oral decision. In his decision, Judge Covello observed there was no issue as to whether defendant qualified under the CIA as a charitable organization or that plaintiff was "a beneficiary of the services of" defendant.

Judge Covello then found that "but for" plaintiff being allowed to live at defendant's shelter, "[s]he wouldn't have been there volunteering. She wouldn't have been doing anything else." The judge further stated that because plaintiff was a "direct recipient of the benefits of the organization," the "unconcerned in and unrelated to" language under the CIA was not applicable in this matter. The judge entered the order granting summary judgment on the same day. This appeal followed.

We review a grant of summary judgment using "the same standard that governs the motion judge's" decision. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (citing Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). Under that standard, summary judgment will be granted when "'the competent evidential materials submitted by the parties,' [viewed] in the light most favorable to" the non-moving party, show that there are no "genuine issues of material fact" and that "the moving party is entitled to summary judgment as a matter of law." Grande v. Saint

A-0956-18T2

Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat, 217 N.J. at 38); accord R. 4:46-2(c). "An issue of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Grande, 230 N.J. at 24 (quoting Bhagat, 217 N.J. at 38). In our review, we owe "no special deference" to the motion judge's legal analysis. RSI Bank, 234 N.J. at 472.

On appeal, plaintiff argues that she was a bona fide volunteer and that the determination of whether she is a "volunteer or a beneficiary was a factual issue for the jury to decide." She contends that her volunteer work with the thrift shop for three to five days a week, the administrative work, and errands she completed on behalf of defendant made her "a full-time unpaid, employee." For that reason, she argued that immunity under the CIA did not apply. We disagree.

The CIA provides immunity to a charitable organization from liability for

> damages to any person who shall suffer damage from the negligence . . ., where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the

A-0956-18T2

benefactions of such corporation, society or association.

[N.J.S.A. 2A:53A-7(a) (emphasis added).]

The burden of proving that charitable immunity applies is on the defendant. Roberts v. Timber Birch-Broadmoore Athletic Ass'n, 371 N.J. Super. 189, 193 (App. Div. 2004). A defendant must prove that it "qualifies for charitable immunity [because] it (1) was formed for nonprofit purposes; (2) is organized exclusively for religious, charitable or educational purposes; and (3) was promoting such objectives and purposes at the time of the injury to plaintiff who was then a beneficiary of the charitable works." Green v. Monmouth Univ., 237 N.J. 516, 530–31 (2019) (quoting Ryan v. Holy Trinity Evangelical Lutheran Church, 175 N.J. 333, 342 (2003)).

Here, it was undisputed that prongs one and two were met because defendant was clearly formed and organized exclusively for nonprofit purposes. The parties' dispute therefore focused on the third prong.

For a defendant to satisfy the third prong, it must pass a two-part test. Id. at 531 (citing Ryan, 175 N.J. at 350). The first part of this test questions whether, "the organization . . ., at the time in question, 'was engaged in the performance of the . . . objectives it was organized to advance.'" Ibid. (second alteration in original) (quoting Ryan, 175 N.J. at 350). The second part requires

7                                                                    A-0956-18T2

that "the injured party [was] a direct recipient of those good works." Ibid. (alteration in original) (quoting Ryan, 175 N.J. at 350).

It was also undisputed that defendant met the requirements of part one of the test by continuously providing shelter to those in need. The only issue to be resolved was whether plaintiff was a beneficiary, thereby requiring the immunity to apply, or whether she was on defendant's premises in a capacity other than a beneficiary and her presence was "unconcerned in and unrelated to" defendant's charitable activities. Id. at 536 (stating "[t]hose who are not beneficiaries must be 'unconcerned in and unrelated to' the benefactions of such an organization" (quoting Ryan, 175 N.J. at 353)). As long as "plaintiff's 'presence was clearly incident to accomplishment' of the defendant's charitable purposes," the beneficiary status will apply. Ibid. (quoting Bieker v. Cmty. House of Moorestown, 169 N.J. 167, 180 (2001)). Whether an injured individual is a beneficiary "is to be interpreted broadly, as evidenced by the use of the words 'to whatever degree'" in the CIA. Ibid. (quoting Ryan, 175 N.J. at 353).

In Roberts, at the time of the accident, the plaintiff was both a spectator of her children's soccer tournament as a beneficiary and assisting in organizing the tournament as a volunteer. Roberts, 371 N.J. Super. at 198. We determined

8

that there was a difference between those "persons benefiting from the charity and those contributing to it by virtue of their attendance or participation." Id. at 196. We concluded that "if [the] plaintiff would not have attended the tournament but for her children's participation, she is a beneficiary. If, however, [the] plaintiff can demonstrate that she was a bona fide volunteer with specific responsibilities which obliged her to attend, she is a contributor and may pursue her claim." Id. at 197.

Applying these guiding principles here, we agree with Judge Covello's conclusion that defendant was entitled to immunity. Plaintiff's presence at defendant's premises was due to her being a resident beneficiary of defendant's charitable works, not as a volunteer whose presence was "unconcerned in and unrelated to" defendant's charitable activities. Plaintiff only went to defendant's shelter when she was homeless and only later assumed a role as a volunteer incidental to her residency. There was no evidence that but for her taking up residency at the shelter, she would have otherwise been on the premises as a volunteer.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0956-18T2